Antonio L. BRUM

v.

Maria BRUM.

81–36–Appeal.

Supreme Court of Rhode Island.

Dec. 22, 1983.

Robert L. daC. Bernard, Warren, for plaintiff.

Raul L. Lovett/Marc B. Gursky, Lovett, Morgera, Schefrin & Gallogly, Ltd., Providence, for defendant.

## OPINION

SHEA, Justice.

This case is before the Supreme Court on the appeal of the husband from a decision of the Family Court granting his wife's cross-petition for divorce on the ground of irreconcilable differences. We affirm.

The record discloses that this appeal was taken from a bench decision of the Family Court justice who heard the case. No decree embodying the decision was entered. However, "[i]n the interest of having an expeditious disposition of this controversy, we shall treat the appeal as though it was taken from a decree." *In re Ann Marie,* R.I., 461 A.2d 394, 394–95 n. 1 (1983). We caution counsel that this will not occur automatically whenever parties fail to present a decree for entry as provided by Rule 58 of the Rules of Procedure for Domestic Relations.

The husband, Antonio, petitioned for divorce from his wife, Maria, on grounds of extreme cruelty, gross and wicked misbehavior, and irreconcilable differences. He sought absolute divorce, custody of his minor daughter and child support for her, and exclusive use of the marital domicile and furnishings. The wife filed a Motion in the Nature of a Cross Petition on the ground of extreme cruelty. She was later permitted to amend her petition by adding the ground

of irreconcilable differences. She sought custody of the daughter and exclusive use of the domicile and household furnishings. She also sought an order directing the husband to maintain insurance policies on herself and her daughter, including medical insurance. She sought to have the husband pay all medical, hospital, and dental expenses for herself and the daughter as well as counsel fees. She also petitioned for an injunction against the husband's entering the house. Her motion for temporary allowances and support was granted, and the husband was given reasonable visitation privileges with the daughter.

The husband was a native of Portugal and the wife a native of Rhode Island. They first married in a civil ceremony in Portugal in 1957. Later they were married in a religious ceremony in Bristol on June 21, 1958, and thereafter resided together in a rented apartment in Bristol, Rhode Island. A few years later they built their own home in Bristol, where they lived and raised a family until November 1978 when the husband moved out after filing a petition for divorce. There had been a separation in 1975 when the wife filed for a divorce from bed and board. That petition was later discontinued, and the parties were reconciled. A son, who was an adult at the time of the hearing, was born to the couple in 1960 and a daughter was born in 1972. Because she was eight years of age at the time of the decision, her custody was one of the issues considered by the court.

The evidence established that during their less-than-blissful marriage, both the husband and the wife worked full time. The wife worked the first shift from 7 a.m. to 3 p.m. The husband always worked the second shift from 4 p.m. to 1 a.m. They shared the duties of caring for the children equally, each assuming that responsibility while the other was at work. The wife gave her weekly paycheck to the husband, who was in complete charge of family finances. The wife handled no money at all. She never had a driver's license. The husband bought stock and had a license to fly

an airplane, which he did every Saturday or Sunday, leaving her at home with the children. There was evidence that the husband was very jealous of other men, including his own father and brother. She described him as always by her side, like a bodyguard. He physically beat his wife fairly frequently, often with a piece of rubber hose that he kept in the house for that purpose. He regularly accused her of flirting with other men. She received medical attention on more than one occasion for the effects of physical abuse. After their son left home and entered the Marine Corps in 1978, the wife moved into his bedroom. Evidence was introduced of an appraisal of the marital domicile which placed the value at $45,000.

At the conclusion of the hearing, the trial justice rendered a bench decision in which he dismissed the husband's petition but granted the wife's petition on the ground of irreconcilable differences. The trial justice found that the husband's own testimony showed that he was "a very jealous husband," that "he did abuse his wife," and that he did not believe the husband's denial of this physical abuse.

The trial justice awarded custody of the minor daughter to the wife and ordered reasonable visitation privileges to the husband. He ordered the husband to pay $25 per week for child support. The husband's interest in the marital domicile was ordered to be conveyed to the wife within thirty days. The court directed that this equitable assignment of the domicile to the wife would satisfy the arrearages in temporary allowances and support payments which the court found at that time to be in the amount of $2,940. The court then declined to award alimony to the wife.

On appeal the husband raises several issues that we shall not consider because of the husband's failure to raise them below. He argues that evidence of marital misconduct that occurs prior to reconciliation is not admissible under the doctrine of condonation. He further argues that such evidence is irrelevant in a no-fault divorce

proceeding. The fact is that this evidence came from the testimony of both parties, and no objection was made by either. Since the husband offered such evidence himself and failed to object to the wife's testimony in this area, on appeal he cannot argue its admissibility. The husband also argues that to keep the divorce proceeding separate from the equitable-distribution issues, there should have been a bifurcated hearing. Also, he asserts that the hearing should not have been interrupted by several continuances. However, no bifurcated hearing was requested, nor was objection made to the matter of the trial's being conducted on several different dates.

The only issue before us concerns the adequacy of the trial justice's findings of fact. The husband argues that the findings of fact were insufficient to justify the trial justice's decision.

This court has held that in domestic-relations cases "[a] trial justice should state, however briefly, the reasons upon which his ultimate conclusions are based. * * * [His] duty to be factual rather than conclusional * * * 'does not require an exhaustive analysis of the evidence or a specific statement of all the reasons for his conclusion. * * * Instead, it will suffice if the decision reasonably indicates that he exercised his independent judgment in passing on the weight of the testimony and the credibility of the witnesses.'" *Smith v. Smith,* 119 R.I. 642, 648, 382 A.2d 182, 185 (1978).

■ In the case before us, a reading of the trial justice's bench decision establishes clearly that he understood his duty and properly performed it. The trial justice correctly described the posture of the case,

that is, the husband's petition and the wife's motion in the nature of a cross-petition, which she later amended. He discussed the allegations of both parties. He rejected the husband's denial of physical mistreatment of the wife, and he accepted the testimony of the wife. The trial justice also found the appraisal of the domicile to be fair and reasonable. He held that "under all of the circumstances, considering the length of the marriage, over twenty years, the fact that this woman bore two children * * * still has one to raise, bearing in mind she had worked, contributed her funds" the property was ordered assigned to the wife. This was done completely in accord with G.L. 1956 (1981 Reenactment) § 15-5-16.1 and in accord with our recent holding in *D'Agostino v. D'Agostino,* R.I., 463 A.2d 200, 203 (1983), wherein we affirmed that consideration of the equitable distribution of property must be separate from and prior to any decision on alimony. Here, after ordering the equitable distribution to the wife, the trial justice declined to award her alimony.

We conclude that there is no merit to the husband's appeal, and it is therefore denied and dismissed. The decision of the Family Court is affirmed as though a proper judgment had been entered. The papers in the case are remanded to the Family Court for entry of judgment.